UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SUNIT SUNIT,

Petitioner,

v.

GREGORY ARCHAMBEAULT, et al.,

Respondents.

Case No.:  3:26-cv-1255-CAB-DEB

**ORDER GRANTING WRIT OF HABEAS CORPUS**

On March 24, 2026, the Court ordered Respondents to address Petitioner's argument that he is entitled to release from custody because they violated his constitutional rights by not providing him notice or an individualized hearing before re-detaining him.  [Doc. No. 10.]  On March 27, 2026, Respondents stated that "the government does not oppose the petition and defers to the Court on the appropriate relief."  [Doc. No. 11 at 3 (footnotes omitted).]

Petitioner entered the United States on March 4, 2023 without authorization.  [Doc. No. 5 at 2.]  He was immediately detained by the Department of Homeland Security and issued a Notice to Appear which commenced removal proceedings.  [*Id.*]  On March 6, 2023, Petitioner was released on his own recognizance.  [*Id.*]  On February 17, 2026, Immigration and Customs Enforcement officers arrested Petitioner without any explanation or notice.  [*Id.*]  The Court finds that Respondents violated Petitioner's Fifth

Amendment right to due process by re-detaining him without notice and an individualized hearing. *See, e.g., Prieto-Cordova v. Larose*, No. 3:25-CV-2824-CAB-DDL, 2025 WL 3228953 (S.D. Cal. Nov. 19, 2025).

Accordingly, the Court **GRANTS** the writ of habeas corpus. Respondents shall **IMMEDIATELY RELEASE** Petitioner from custody under the same conditions as his order of release on recognizance. Respondents are further **ENJOINED** from re-detaining Petitioner without notice and a pre-detention hearing. The motion for temporary restraining order is **DENIED as moot**. [Doc. No. 6.] The Clerk of Court shall **CLOSE** the case.

It is **SO ORDERED**.

Dated: March 30, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge